UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

QUINTON BLAKE WEBB,

        Plaintiff,                                    No. 1:19-cv-262

v.

PATRICK CHARLES, PHENIX TRANSPORTATION WEST, and NATIONAL FIRE & MARINE INSURANCE COMPANY,

        Defendants.

## NOTICE OF REMOVAL

National Fire & Marine Insurance Company, by and through its counsel of record, Riley, Shane & Keller, P.A. (Mark J. Riley and Taryn M. Kaselonis), hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico. In support, Defendant states the following:

    1.     Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant hereby gives notice of removal of all counts and claims asserted by the Plaintiff in the civil action filed in the Second Judicial District, County of Bernalillo, State of New Mexico, styled: *Quinton Blake Webb v. Patrick Charles, Phenix Transportation West, and National & Fire Marine Insurance Company*; Second Judicial District Cause No. D-202-CV-2019-01117. Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings, and orders served to date are attached hereto as Exhibit "A".

    2.     Plaintiff's "*Complaint for Damages*" (Complaint) was filed in the Second Judicial District Court on February 8, 2019. *See* Exhibit "A1". A Summons was issued by the Second Judicial District Court on February 22, 2019. Pursuant to NMSA 1978, Sections 59A-5-31 and 59A-5-32, the State of New Mexico Office of the Superintendent of Insurance accepted service

of the Complaint on behalf of National on February 27, 2019 and mailed it to National on that same date. National received the Complaint on March 4, 2019. *See* Exhibit "A2". Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446 (b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service").

3. This is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00.

4. Defendant Patrick Charles is a resident of the State of Mississippi. Defendant Phenix West Transportation is incorporated in the State of Mississippi. Plaintiff is, upon information and belief, a citizen and resident of the State of New Mexico. *See* Exhibit "A1" at ¶¶ 1 & 2; *see also* Exhibit "A3" and Exhibit "A4".

5. A reasonable estimate of the amount that will be put at issue in the course of the litigation is in excess of $75,000.00,[1] exclusive of interest and costs.

6. This case involves an actual controversy between the parties concerning the liability of and amount of damages sustained by Plaintiff in a motor vehicle accident. *See generally* Exhibit "A1", Complaint.

---

[1] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (1995); *see also Frederick v. Farmers Underwriters Ins. Co.*, 683 F.3d 1242, 1254 (10th Cir. 2012); and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. . . [e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

7. Plaintiffs' Complaint contains four "causes of action": Negligence, Negligence Per Se, Negligent Hire/Training/Supervision, and *Respondeat Superior*.

8. Without admitting the validity of any of Plaintiff's allegations, the amount that will be put at issue in this case will likely exceed the jurisdictional minimum because Plaintiff seeks to recover: (a) compensatory damages including bodily injury, medical, property damage, loss of use, and lost past and future earnings; and (b) punitive damages. *See generally* Exhibit "A1", Complaint.

9. Without admitting the validity of any of Plaintiff's allegations, if Plaintiff prevails on his claims, New Mexico law may permit recovery of compensatory damages, incidental and consequential loss damages and punitive damages. *See* UJI 13–1712 NMRA (compensatory damages in bad faith cases); UJI 13–1716 (incidental and consequential loss damages).

10. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). A removing defendant need only establish that state law would permit a recovery of punitive damages and that the "total award, including compensatory and punitive damages, could exceed 'the jurisdictional minimum].'" *Frederick v. Farmers Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2010).

11. Without admitting any of the Plaintiff's allegations, and without admitting the Plaintiff is entitled to recover any of the claimed damages, Defendant submits that the aggregate "value" of what Plaintiff seeks to recover in this case, or what a judgment would be worth to Plaintiff, exceeds $75,000.00. *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075

3

(D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

12. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Phenix Transportation West consents to removal through their undersigned counsel of record in both the state and federal court actions. *See* Exhibit A5.

13. Pursuant to 28 U.S.C. § 1446 (d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: /s/ *Kaselonis*
**MARK J. RILEY**
**TARYN M. KASELONIS**
3880 Osuna Road NE
Albuquerque, NM 87109
(505) 883-5030
ckeller@rsk-law.com
*Attorney for Defendant National Fire & Marine Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of March, 2019, a copy of the foregoing was electronically filed through the CM/ECF system, which caused participating CM/ECF counsel to be served with same by electronic means, and was emailed on the 25th day of March, 2019 to the following counsel of record:

Eva K. Blazejewski
Heather K. Hansen
Blazejewski & Hansen, LLC
2501 Rio Grande Blvd NW, Suite B
Albuquerque, NM 87104
eva@blazehansenlaw.com
heather@blazehansenlaw.com

By: /s/ *(signature)*
MARK J. RILEY
TARYN M. KASELONIS