EXHIBIT A1

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
2/8/2019 4:33 PM
James A. Noel
CLERK OF THE COURT
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

QUINTON BLAKE WEBB,
    Plaintiff,

v.    Case No. D-202-CV-2019-01117

PATRICK CHARLES,
PHENIX TRANSPORATION WEST, and
NATIONAL FIRE & MARINE INSURANCE COMPANY,
    Defendants.

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Quinton Blake Webb, by and through attorney of record BLAZEJEWSKI & HANSEN, LLC (Heather K. Hansen and Eva K. Blazejewski), and for his Complaint for Damages hereby states as follows:

1. Plaintiff Quinton Blake Webb is a resident of Bernalillo County, New Mexico.

2. Upon information and belief, Defendant Patrick Charles was, at all times relevant to this lawsuit, conducting business in Bernalillo County, New Mexico. On information and belief, Mr. Charles is a resident of the State of Mississippi.

3. Upon information and belief, Defendant Phenix Transportation West is a resident of or doing business in Bernalillo County, New Mexico.

4. Defendant National Fire & Marine Insurance Company is subject to the Court's jurisdiction pursuant to *Raskob v. Sanchez*, 1998-NMSC-045, 126 N.M. 394, as insurer of the vehicle owned by Phenix Transportation west and driven by Defendant Patrick Charles.

5. The events described in this Complaint occurred in Bernalillo County, New Mexico.

6. Jurisdiction and venue are proper in this Court.

**Counts 1 and 2 – Negligence and Negligence Per Se (Defendant Patrick Charles)**

7. On or about October 26, 2018, Defendant Patrick Charles was operating a motor vehicle.

8. Defendant Patrick Charles had a duty to drive in a reasonable and safe manner, and follow traffic rules, in order to prevent foreseeable harm to others, including Plaintiff.

9. Defendant Patrick Charles failed to drive in a reasonable and safe manner, and failed to follow traffic rules. Defendant Patrick Charles failed to slow for traffic conditions, and/or failed to yield the right-of-way, and/or ignored or disregarded a traffic signal and/or ran a red light, and/or otherwise drove improperly or illegally, causing a collision with injuries.

10. Defendant Patrick Charles knew or should have known that such conduct posed a risk of harm to others, including Plaintiff.

11. As a result, Defendant Patrick Charles breached the duty owed to Plaintiff.

12. Defendant Patrick Charles drove in a reckless, careless, wanton, grossly negligent and negligent manner.

13. Defendant Patrick Charles violated traffic laws, codes or regulations, without just cause or excuse. Plaintiff was in the class of persons intended to be protected by said laws.

14. As a direct and proximate result of Defendant Patrick Charles's wrongful conduct, negligence, and negligence per se, a collision occurred, and Plaintiff was injured and suffered damages.

**Counts 3 and 4—Negligent Hire/Training/Supervision and *Respondeat Superior***

**(Phenix Transportation West)**

15. Plaintiff hereby repeats and incorporates the preceding paragraphs as though set forth fully herein.

16. At all times relevant to this lawsuit, Defendant Phenix Transportation West employed, supervised, controlled, and directed the actions of its employee, Defendant Patrick Charles.

17. By employing Defendant Patrick Charles, Phenix Transportation West had a duty to perform adequate background checks and/or properly train and/or properly and adequately supervise the actions of Defendant Patrick Charles, including, but not limited to, supervising and controlling Defendant Charles' driving conduct.

18. At all times relevant to this lawsuit, Defendant Patrick Charles was an agent and/or employee of Defendant Phenix Transportation, and on this basis Defendant Phenix Transportation is responsible for Defendant Charles' ordinary negligence.

### Damages

19. Plaintiff repeats the above allegations as though set forth in full.

20. As a further direct and proximate result of the Defendants' wrongful conduct, Plaintiff has suffered injuries and damages including, but not limited to, physical injuries, past incurred and future medical expenses, loss of income and income opportunity, property damage, loss of use, loss of life's enjoyment, emotional distress, and emotional and physical pain and suffering, all to Plaintiff's great loss in an amount to be proven at trial.

WHEREFORE, Plaintiff requests that this Court enter Judgment against the Defendants for compensatory and punitive damages in an amount to be proven at trial, costs incurred in the

prosecution of this action, pre-judgment and post-judgment interest, and for such other and additional relief as the Court may deem proper.

Respectfully submitted,

Eva K. Blazejewski
Heather K. Hansen
Blazejewski & Hansen, LLC
2501 Rio Grande Blvd NW, Suite B
Albuquerque, New Mexico 87104
(505) 554-1660
(505) 393-4508 Facsimile
eva@blazehansenlaw.com
heather@blazehansenlaw.com

4